UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LACY BAKER,

               Plaintiff,

v.                                                                    Civil Case No. 9:00-cv-1189
                                                                      (GTS/GJD)

L. SMARTWOOD, Correction Officer, et al.,

               Defendants.

_____

APPEARANCES:                                                          OF COUNSEL:

LACY BAKER, a/k/a BOYD BAKER
Facility Number 046-781-45M
  Plaintiff, *Pro Se*
George Motchan Detention Center
15-15 Hazen Street
East Elmhurst, NY 11370

HON. ANDREW M. CUOMO                                                  Joel L. Marmelstein, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
207 Genesee Street
Utica, New York 13501


GLENN T. SUDDABY, United States District Judge

<u>**DECISION AND ORDER**</u>

     Plaintiff filed this *pro se* prisoner civil rights action on 8/7/00.  (Dkt. No. 1.)  On

10/17/08, 10/24/08,  and 11/17/08, three separate Orders  of the Court (Dkt Nos. 69, 70 and 74),

which had been sent to Plaintiff's last known address by regular mail to the George Motchan

Detention Center, were returned to the Court as undeliverable, marked with the words "addressee

unknown" and "return to sender."  (See Dkt. Nos. 71, 72 and 75.)  On 12/29/08, the Court was

advised via telephone by the George Motchan Detention Center that the Plaintiff was transferred

to the Downstate Correctional Facility on 7/19/04.  On 12/29/08, the Court was advised via telephone by the Downstate Correctional Facility that the Plaintiff was released from prison on 1/14/05.

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal *on a motion by a defendant*, courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute and/or failure to comply with the Court's rules or orders.[1]  Moreover, the term "these rules" in Fed. R. Civ. P. 41(b) is construed to mean not only the Federal Rules of Civil Procedure, but the local rules of practice for a district court (since Fed. R. Civ. P. 83[a][1] expressly authorizes district courts to adopt local rules of practice).[2]  As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court.  *Id*.

The legal standard governing each of these two independent grounds is the same.

---

[1]  *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) [citations omitted]; *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

[2]  *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's Local Rule 10.1[b][2]); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rules).

Specifically, the correctness of a district court's dismissal under Fed. R. Civ. P. 41(b)–which is a matter committed to the discretion of the court–is determined in light of five factors:

> (1) the duration of the plaintiff's failure [to prosecute the action and/or comply with the Court's procedural rules or Orders], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[3]

As a general rule, no single one of these five factors is dispositive.[4]

Here, weighing these five factors together, the Court finds that they tip the scale decidedly in favor of dismissing Plaintiff's action. With regard to the first factor, the Court notes that, generally, durations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.[5] With regard to the second factor, the Court finds that Plaintiff has repeatedly received adequate notice that failing to comply with his duty to notify the Court of a

---

[3] *Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[4] *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

[5] *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *cf. Ruzsa v. Rubenstein & Sendy Attys at Law*, No. 07-0089, 2008 WL 706693, at *1 (2d Cir. March 17, 2008) (seven months); *Coleman v. Doe*, 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) (seven months); *McNamee v. Schoharie County Jail*, 06-CV-1364, 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 78442, at *5-6 (N.D.N.Y. March 6, 2007) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Bhalla v. JP Morgan Chase & Co.*, 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (eight months).

change of address would result in dismissal.[6]  With regard to the third factor, the Court notes

that, generally, delays in prisoner civil rights actions result in the fading of witnesses' memories,

the discarding of relevant documents, and the inability to locate witnesses, for example, due to

their transfer within, or retirement from, DOCS.[7]  With regard to the fourth factor, the Court

finds that it is unable (out of special solicitude to Plaintiff) to permit this case to linger any

longer on the Court's docket, which is congested with the claims of other *pro se* prisoner civil

rights litigants.[8]  With regard to the fifth factor, the Court has carefully considered, and rejected,

---

[6]      *See*  N.D.N.Y. L.R. 10.1(b)(2), 41.2(b); U.S. District Court for the Northern
District of New York, *Pro Se* Handbook, at 16, 19, 43,
http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf.  To assist *pro se* litigants,
the Clerk of the Court for the Northern District of New York has also provided to all correctional
facilities in New York State copies of the Northern District's Local Rules of Practice and the
Northern District's *Pro Se* Handbook.

[7]      *See, e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)
("The passage of time always threatens difficulty as memories fade.  Given the age of this case,
that problem probably is severe already.  The additional delay that plaintiff has caused here can
only make matters worse."), *accord*, *Nieves v. Mueller*, 07-CV-0003, 2008 WL 4663361, at *3,
n.6 (N.D.N.Y. Oct. 20, 2008) (Kahn, J., adopting Report-Recommendation); *Harris v.
Thompson*, 07-CV-0772, 2008 WL 4610301, at *3, n.9 (N.D.N.Y. Oct. 15, 2008) (Scullin, J.,
adopting Report-Recommendation); *Tejada v. Mance*, 07-CV-0830, 2008 WL 4384460, at *8,
n.57 (N.D.N.Y. Sept. 22, 2008) (Mordue, C.J., adopting Report-Recommendation); *Thrall v.
Centr. New York Transp. Auth.*, 08-CV-0032, 2008 WL 3414032, at *2, n.6 (N.D.N.Y. Aug. 8,
2008) (McCurn, J., adopting Report-Recommendation).

[8]      The Court notes that even *pro se* litigants must obey the Court's procedural rules
and Orders.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that
procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by
those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975)
("The right of self-representation is not a license . . . not to comply with relevant rules of
procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d
Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of
procedural and substantive law") [citation omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir.
1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules
and to comply with them.") [citations omitted]; *McDonald v. Head Criminal Court Supervisor
Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including pro ses, have an obligation
to comply with court orders."); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[*Pro se*
litigants are] not exempt . . . from compliance with relevant rules of procedural . . . law.")
[internal quotation marks and citations omitted].

sanctions less drastic than dismissal of Plaintiff's Complaint, for example, imposing monetary sanctions on Plaintiff (who is proceeding *in forma pauperis*), or chastising him for his dilatory conduct in an Order (which will likely never reach him due to his failure to provide the Court with his current address).

Finally, it bears emphasizing that the authority exercised by the Court in this Order is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982); *see also Freeman v. Lundrigan*, 96-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.) (authority to invoke dismissal under Fed. R. Civ. P. 41(b) is "necessary to achieve orderly and expeditious disposition of cases") [citation omitted].  As then-District Judge Rosemary S. Pooler has explained:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the [*pro se* prisoners] will be conducted principally by mail.

*Dansby v. Albany County Corr. Fac.*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) [citations omitted].

**ACCORDINGLY**, it is

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) based upon Plaintiff's failure to prosecute and comply with the rules and Orders of this Court; and it is also

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on

Plaintiff at his last known address by regular mail, and on defense counsel electronically.

Dated: December 30, 2008
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge